## B. C. Sprague v. The Keltie Stone Company.

1. PARTNER—*when liability of retiring, continues.* Upon dissolution, the liability of the retiring partner continues, unless actual notice of his retirement is given to persons with whom the firm has previously dealt and as to others published notice be given.

Action of assumpsit. Appeal from the County Court of DeWitt County; the Hon. F. C. HILL, Judge, presiding. Heard in this court at the May term, 1905. Affirmed. Opinion filed February 1, 1906.

JOHN FULLER, for appellant.

EDWARD J. SWEENEY, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

The Keltie Stone Company recovered a judgment in the County Court of DeWitt county against appellant for the

sum of $151 for materials sold by said stone company to the firm (alleged to consist of W. A. Barnett and B. C. Sprague) known by the name and style of the "Barnett Bridge and Iron Company."

Appellee is located at Joliet, Illinois, and the appellant and said bridge company are located at Clinton, Illinois.

The stone, sued for, was shipped by the stone company at Joliet and received by the Barnett Bridge and Iron Company at Clinton. Appellant now seeks to reverse such judgment, alleging several grounds therefor, the principal one being, as he asserts, that he was not a member of the firm doing business under the name of the Barnett Bridge and Iron Company, claiming that said firm had been dissolved prior to the sale of the stone.

The evidence shows that on the eleventh day of March, 1902, B. C. Sprague and W. A. Barnett entered into a co-partnership, known as the Barnett Bridge and Iron Company, and that while business was being conducted in the usual manner by those employed in the transactions of its affairs, the order, upon which the stone was shipped, was written upon stationery upon which B. C. Sprague's name appeared as a member of the firm. There was no change in relation to the use of such stationery until the death of Barnett in October, 1904.

The order for the stone was made on September 29, 1903, and appellant claims the firm was dissolved on the eleventh day of March of that year.

It is not pretended that appellee or its officers had any actual notice of the dissolution; nor was it claimed upon the trial that any notice of the dissolution had been published in any newspaper whatever.

Mr. Bordner, who was foreman of the Barnett Bridge and Iron Company, testified that, so far as he knew, Sprague was a member of the firm at the time of Barnett's death, and that the said Bridge and Iron Company never used any stationery other than that upon which Sprague's name appeared as a member of the firm.

The law is well settled in this state that when a member

of a partnership withdraws from the firm, if he fails to give notice of the fact, his liability will continue. He can terminate all future liability by giving actual notice to those then dealing with the firm, and as to all others by publishing a notice of the dissolution in a public newspaper of the neighborhood. Ellis, Administrator, v. Bronson, 40 Ill. 455; Young et al. v. Clapp et al., 147 Ill. 176.

Since appellee had no actual knowledge of the dissolution, and since also Mr. Sprague made no publication at all of the fact, as required by the authorities above cited, he cannot escape liability upon that ground.

Appellant sought upon the trial to prove the dissolution of the firm and notice thereof to the public by giving in evidence the statements of Mr. Barnett on that subject.

This evidence was clearly incompetent. Notice to persons dealing with the firm, or dealing with those assuming to act for the firm, can be given only in one of the two ways hereinbefore pointed out; and since no claim is made that appellant ever attempted to use either of those methods, he cannot defeat recovery by showing that Mr. Barnett may have said that the firm had been dissolved; that, at most, would be notice only to those to whom Mr. Barnett made the statement.

Appellant contends that the judgment should be reversed because appellee offered a letter-press copy of the statement or account of the stone sued for, *i. e.*, that a copy was offered in evidence instead of the original. There is no force in this objection. Mr. Keltie, secretary of the appellee, testified without objection to the number of cords of stone shipped and to the price per cord, from which the court could have found the amount due without regard to the statement.

It was not error for the court to refuse propositions of law numbered three, four and five, tendered by appellant, as they were in conflict with the rule announced above in respect to the liability of retiring partners where no notice is given of the dissolution.

The judgment of the court below was right and is affirmed. *Affirmed.*